IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MALIBU MEDIA, LLC<br>Plaintiff, | *<br>*<br>*<br>*<br>* |  |
| v. | *<br>* | Civil Action No. 12-cv-01197-AW |
| DOES 1 – 38,<br>Defendants. | *<br>*<br>*<br>* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Order**

Pending before the Court is Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. Doc. No. 3. Plaintiff Malibu Media, LLC, filed this action against 38 John Doe defendants for copyright infringement. Plaintiff allegedly owns exclusive distribution rights to the motion picture "Rich Girl Part 2" that is being illegally distributed over the Internet by peer-to-peer file-sharing technology. Plaintiff claims to know the Internet Protocol address ("IP address") of each infringing defendant, but not their real names, addresses, or other identifying information.

The entity that possesses information linking an IP address to real identifying information is the Internet Service Provider ("ISP") for that IP address. ISPs, such as Comcast or Verizon, maintain temporary internal logs that record the date, time, and customer identity for each IP address serviced by that ISP. However, Plaintiff indicates that these records are only temporary, and that ISPs delete them after a short period of time. Plaintiff's motion seeks limited discovery from the ISPs that service the allegedly infringing IP addresses so that Plaintiff can discover the identity of the defendants and serve them with process.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). When a plaintiff seeks to learn the identities of unknown defendants through pre-service subpoenas under Rule 45 of the Federal Rules of Civil Procedure, he or she should be allowed to do so "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Here, it is far from "clear that discovery would not uncover the identities" of the defendants, *id.*; indeed, unless the ISPs have already deleted the temporary IP logs, they should have all of the identifying information for the alleged infringers in their records.

Furthermore, the Court is not prepared to hold, at this early, *ex parte* stage, that it is "clear" that "the complaint would be dismissed." *Id.* If there are clear reasons why the case should be dismissed or why the discovery requests are otherwise improper, the ISPs or the John Doe defendants can raise those objections by filing motions to quash the subpoenas. Accordingly, it is, this 20th day of April, 2012 ordered that:

1) Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference, Doc. No. 3, is GRANTED,

2) For any ISP that supports an allegedly infringing IP address, Plaintiff may deliver a subpoena seeking information about the names, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses of each allegedly infringing user,

3) Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint,

4) Plaintiff shall, if necessary, confer with any ISP that receives a subpoena pursuant to this order regarding the issue of payment for the production of the information requested in the subpoena and/or related activities, including the ISP's efforts to notify its customers,

5) Any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports serving as a basis for such billing summary,

6) Any subpoena delivered by Plaintiff on an ISP must be accompanied by a copy of this order,

7) Any ISP receiving a subpoena must preserve any information subject to the subpoena pending the resolution of any motion to quash,

8) Any motion to quash must be filed before the return date of the subpoena, which shall be thirty (30) days from the date of service,

9) Any John Doe Defendant who files any motion in this case must identify itself in the motion by number (i.e. Doe #5) and IP address in order for the motion to be properly before the Court; and

10) The Clerk transmit a copy of this Order to Counsel.

                                                /s/
                                      Alexander Williams, Jr.
                                      UNITED STATES DISTRICT JUDGE